FILED
OCT 26 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

MR. ALSENY BEN BANGOURA, )
12813 HOLDRIDGE ROAD )
SILVER SPRING, MD 20906 )
)
)
Plaintiff, )
)
v. ) Case: 1:07-cv-01941
) Assigned To : Lamberth, Royce C.
STATE DEPARTMENT FEDERAL ) Assign. Date : 10/26/2007
CREDIT UNION, ) Description: Civil Rights-Non-Employ.
)
Defendant. )
)

JURY ACTION

## COMPLAINT

### Nature of Action

1. Plaintiff Alseny Ben Bangoura brings this action for injunctive and monetary relief against Defendant State Department Federal Credit Union ("Credit Union") because the Credit Union: 1) unlawfully refused Mr. Bangoura's request to withdraw funds from his own checking account on the basis of race and ethnicity and 2) wrongfully contacted law enforcement authorities and alleged that Mr. Bangoura and his companion were "two Middle Eastern-looking" men acting suspiciously, which led to their arrest and detention for more than three hours.

2. This lawsuit alleges that: (1) Defendant and its agents intentionally denied Mr. Bangoura the right to make and enforce a contract based on his racial and ethnic characteristics, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and (2) Defendant negligently failed to regulate, train, instruct, supervise, or discipline its agent, thereby permitting its agent to

operate in a racially discriminatory manner in violation of federal law, which injured Mr. Bangoura. In support of his Complaint, Plaintiff alleges as follows:

### Jurisdiction and Venue

3.  This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.  Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391 because the Defendant's discriminatory acts and omissions occurred in the District.

### Parties

5.  Plaintiff is a citizen of the Republic of Guinea, West Africa, and currently resides in Silver Spring, Maryland. He is freelance journalist.

6.  Defendant is a member-owned, financial cooperative with its headquarters at 1630 King Street, Alexandria, Virginia 22314. Defendant has various locations in the District and has over 64,000 members world-wide.

### Factual Allegations

7.  In October 2004, Plaintiff Alseny Ben Bangoura was employed by the U.S. Department of State, Office of Broadcast Reports ("State Department") as a contract journalist. The State Department had issued Mr. Bangoura two bank checks as payment for his services.

8.  On October 24, 2004, Mr. Bangoura visited the Credit Union's branch at Fort McNair in the District to deposit the two State Department checks into his own checking account. Mr. Bangoura had been a member of the Credit Union since 1996.

9.  On October 28, 2004, Mr. Bangoura returned to the Credit Union's Fort McNair branch, accompanied by Mr. Bah John, to withdraw money from his own checking account. Mr. Bangoura filled out a withdrawal form, gave the bank teller his account number, and provided

her with his press pass as proof of identification. The bank teller told Mr. Bangoura that the money he had deposited four days earlier was not yet available for withdrawal.

10. Mr. Bangoura found this unusual because the checks had been issued by the State Department, so he requested to speak with the branch manager. The branch manager, Ms. Cindy Chamberlain, told Mr. Mr. Bangoura that she needed to contact the check issuer and asked Mr. Bangoura if he could provide the contact information.

11. While Mr. Bangoura went to retrieve this information from his car, the branch manager called the Fort McNair military police to report that she believed two "Middle-Eastern looking" men were acting suspiciously.

12. When Mr. Bangoura's returned with the information the Credit Union had requested, the branch manager told him that she had already contacted the check issuer and the military police because something was "wrong" with the checks Mr. Bangoura had previously deposited.

13. Upon information and belief, the branch manager never contacted the check issuer to discuss the two checks that Mr. Bangoura had deposited. Had she done so, the check issuer would have explained that there was nothing wrong with the Mr. Bangoura's checks.

14. Soon afterwards, two military police officers from Fort McNair's Military Police Unit ("MPU") arrived and arrested Mr. Bangoura and Mr. John and took them to the Fort McNair MPU facility.

15. While at the MPU facility, Mr. Bangoura and Mr. John were separated and questioned by the military police. Prior to this custodial interrogation, Mr. Bangoura was advised of his *Miranda* rights.

16. While in custody, Mr. Bangoura was detained over an hour simply waiting for investigators from the United States Army Criminal Investigation Division to arrive. During his detention, Mr. Bangoura was initially prohibited from using the restroom, and he was not allowed to place any phone calls.

17. In total, Mr. Bangoura was held in custody for over three hours because the Credit Union's wrongful call to the military police. Eventually, Mr. Bangoura was released with no charges.

18. When Mr. Bangoura returned the Credit Union to request an explanation for his treatment, the branch manager threatened to call the military police to arrest him again.

### Injury to Plaintiff

19. As a result of the unlawful actions of Defendant and its agents, Mr. Bangoura has suffered, is suffering, and will continue to suffer actual injuries, including humiliation, embarrassment, indignity, frustration, anger, depression and outrage.

### COUNT I
### (Civil Rights Act, 42 U.S.C. §1981)

20. The allegations of paragraphs 1-19 are incorporated as though fully set forth here.

21. Under 42 U.S.C. § 1981, it is unlawful for a person to refuse to make or enforce a contract with another person on the basis of race, ethnicity, or national origin.

22. As described above, Defendant and its agents deprived Mr. Bangoura of the right to make and enforce contracts, including the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, without regard to race, ethnicity, or national origin in violation of 42 U.S.C. §1981.

23.    As a result of the Defendant's violation of 42 U.S.C. §1981, Mr. Bangoura was injured.

24.    Unless restrained by this Court, Defendant and its agents will continue to deny individuals the right to make and enforce contracts regardless of their race, ethnicity, or national origin.

## COUNT II
### (Negligent Supervision)

25.    The allegations of paragraph 1-24 are incorporated as though fully set forth here.

26.    Defendant has a duty to regulate, train, instruct, supervise, and discipline its agents concerning the statutory and common law prohibitions against discrimination in the provision of retail services.

27.    Defendant breached this duty by negligently failing to regulate, train, instruct, supervise, or discipline its agents, including Cindy Chamberlain, the branch manager at the Credit Union's Fort McNair branch in the District, concerning the statutory and common law prohibitions against discrimination in the provision of financial services. Thus, Defendant permitted its agents to provide financial services in a discriminatory manner in violation of the federal and local laws and regulations, and the common law.

28.    Defendant knew or should have known that its negligence would cause or contribute to the discriminatory actions of its agents in the provision of retail services.

29.    As a result of the Defendant's breach of this duty, Mr. Bangoura was injured.

### Relief Requested

Fore the foregoing reasons, Plaintiff respectfully requests that this Court enter an order:

(a)     Enjoining Defendant, its agents, employees, successors, and those acting in concert with them from discriminating against any persons on the basis of race or color;

(b)     Ordering such equitable measures, policies, training or protocols necessary to prevent Defendant, its agents, employees, successors, and those acting in concert with them from discriminating against any persons on the basis of race or color;

(c)     Awarding compensatory damages in an amount to be determined by the jury that would fully compensate the Plaintiff for the humiliation, embarrassment, and mental and emotional distress that has been caused by the conduct of the Defendant and its agent alleged herein.

(d)     Awarding punitive damages to the Plaintiff in an amount to be determined by the jury that would punish the Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter the Defendant from engaging in similar conduct in the future.

(e)     Awarding Plaintiff his attorney fees and costs in this action in accordance with 42 U.S.C. § 1988; and;

(f)     Granting such other relief as this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff demands a trial by jury on all counts set forth herein.

Respectfully submitted,

HOLLAND & KNIGHT, LLP

*[signature]*

Stephen Hanlon (D.C. Bar # 481751)
Rafael Alfonzo (D.C. Bar # 478524)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 955-3000
(202) 955-5564 – fax

*Counsel for Plaintiff*

# 4885159_v1

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Mr. Alseny Ben Bangoura
12813 Holdridge Road
Silver Spring, MD 20906

88888

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Rafael E. Alfonzo
Stephen Hanlon
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, DC 20006-6801

## DEFENDANTS

State Department Federal Credit Union

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01941
Assigned To : Lamberth, Royce C.
Assign. Date : 10/26/2007
Description: Civil Rights-Non-Employ.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ⊗ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>⊠ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. § 1981. Defendant refused service based on race.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 26 Oct 07   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.