IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MR. ALSENY BEN BANGOURA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> STATE DEPARTMENT FEDERAL ) <br> CREDIT UNION, ) <br> ) <br> Defendant. ) | Civil Action No. 1:07-CV-01941 <br> Judge Royce C. Lamberth |

## ANSWER

Defendant State Department Federal Credit Union ("the credit union") responds to the complaint as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The complaint is barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

### THIRD DEFENSE

Plaintiff failed to mitigate his damages.

### FOURTH DEFENSE

The complaint is barred in whole or in part by the doctrines of waiver and/or estoppel.

FIFTH DEFENSE

The credit union responds to the numbered paragraphs of the complaint as follows:

1. The allegations of paragraph 1 of the complaint state legal conclusions which do not require a response. To the extent a response is required, the allegations are denied.

2. The allegations of paragraph 2 of the complaint state legal conclusions which do not require a response. To the extent a response is required, the allegations are denied.

3. The allegations of paragraph 3 of the complaint state legal conclusions which do not require a response. To the extent a response is required, the allegations are denied.

4. The allegations in paragraph 4 of the complaint state legal conclusions which do not require a response. To the extent that a response is required, the allegations are denied.

5. The credit union lacks sufficient knowledge or information to admit or deny the allegations of paragraph 5 of the complaint and, therefore, denies the allegations.

6. The credit union admits the allegations in paragraph 6 of the complaint.

7. The credit union lacks sufficient knowledge or information to admit or deny the allegations of paragraph 7 of the complaint and, therefore, denies the allegations.

8. The credit union admits that plaintiff visited the credit union's Fort McNair branch on October 24, 2004. The credit union denies the remaining allegations in the first sentence of paragraph 8 of the complaint. The credit union lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 8 of the complaint and, therefore, denies the allegations.

9. The credit union admits that plaintiff went to the credit union's Fort McNair branch on October 28, 2004 seeking to withdraw money from his account. The credit union also admits that plaintiff was accompanied by another gentleman. The credit union denies the remaining allegations in paragraph 9 of the complaint.

10. The credit union lacks sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 10 of the complaint. The credit union admits the allegations in the second sentence of paragraph 10 of the complaint.

11. The credit union denies the allegations in paragraph 11 of the complaint.

12. The credit union admits that plaintiff was told that the issuer had been contacted and that something was wrong with the check plaintiff had deposited. In fact, the check was returned for insufficient funds. The credit union denies the remaining allegations in paragraph 12 of the complaint.

13. The credit union denies the allegations in paragraph 13 of the complaint.

14. The credit union lacks sufficient knowledge or information to admit or deny the allegations of paragraph 14 of the complaint and, therefore, denies the allegations.

15. The credit union lacks sufficient knowledge or information to admit or deny the allegations of paragraph 15 of the complaint and, therefore, denies the allegations.

16. The credit union lacks sufficient knowledge or information to admit or deny the allegations of paragraph 16 of the complaint and, therefore, denies the allegations.

17. The credit union denies the allegations in the first sentence of paragraph 17 of the complaint. The credit union lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 17 of the complaint and, therefore, denies the allegations.

18. The credit union denies the allegations in paragraph 18 of the complaint.

19. The credit union denies the allegations in paragraph 19 of the complaint.

20. The credit union repeats and incorporates herein its responses to paragraphs 1 through 19 of the complaint.

21. The allegations in paragraph 21 of the complaint state legal conclusions which do not require a response. To the extent that a response is required, the allegations are denied.

22. The credit union denies the allegations in paragraph 22 of the complaint.

23. The credit union denies the allegations in paragraph 23 of the complaint.

24. The credit union denies the allegations in paragraph 24 of the complaint.

25. The credit union repeats and incorporates herein its responses to paragraphs 1 through 24 of the complaint.

26. The credit union denies the allegations in paragraph 26 of the complaint.

27. The credit union denies the allegations in paragraph 27 of the complaint.

28. The credit union denies the allegations in paragraph 28 of the complaint.

29. The credit union denies the allegations in paragraph 29 of the complaint.

30. The credit union denies all allegations not specifically admitted.

31. The credit union denies that plaintiff is entitled to the relief sought in his wherefore clauses or to any relief whatsoever.

WHEREFORE, defendant State Department Federal Credit Union requests that the complaint against it be dismissed with prejudice and that it be awarded its attorneys' fees, costs, and such other relief as the Court deems appropriate.

Respectfully submitted:


　　　　/s/  Kirsten E. Keating　　　　
F. Joseph Nealon, #218966
Kirsten E. Keating #453500
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W., Suite 1000 South
Washington, D.C.  20005-3807
(202) 661-2283/ (Fax) 661-2299

December 4, 2007　　　　　　　　　　　Counsel for State Department Federal Credit Union

5

## CERTIFICATE OF SERVICE

I certify that on December 4, 2007, a true and correct copy of the foregoing Answer was sent via electronic transmission and first class mail, postage pre-paid, to:

>Stephen Hanlon, Esquire
>Rafael Alfonzo
>Holland & Knight, LLP
>2099 Pennsylvania Avenue, N.W.
>Suite 100
>Washington, DC  20006
>
>Counsel for Plaintiff

         /s/  Kirsten E. Keating
    Kirsten E. Keating